URSULA, OCTAVIA, AMALIA, ANTONIA, LUIS ANTONIO, FELIPE PIERALDI Y CEDEÑO, RAFAEL CATALÁ RODRÍGUEZ, MONSERRATE CAPAS, ALICE DELGADO, BENJAMÍN FERMOSA, and JUAN M. GALLETI, Appellants, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 658. Submitted November 2, 1926.—Decided February 3, 1927.

*José Tous Soto* for the appellants. The registrar did not appear.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In an action brought against Bertha M. Pieraldi as heir and judicial administrator of the estate of Felipe Pieraldi, Juan Emilio Totti acquired in an execution sale in payment of his claim a joint ownership in a certain rural property called Mogotes.

Pieraldi had died leaving by will the usufruct of all of his property to his adopted daughter, Bertha M. Pieraldi, who should acquire full ownership thereof in case she bore children.

It appears from the record and from the brief of the appellants that on presentation for record of the deed of sale in favor of Totti the registrar required that the condominium which had been judicially sold should first be recorded in the name of Pieraldi's heirs, and then he recorded the said judicial sale with the curable defect that the condition had not been shown to have been fulfilled, with the consequent limitation of the purchaser's right. No appeal was taken from that decision, but said deed of forced sale was presented later in the registry in order to have the defect cured, and the registrar denied the petition in the following decision:

"The curing of the defect pointed out in record 4 of the Mogotes property No. 599, folio 132 of vol. 12 of the municipality of Yauco, is denied as to the resolutory condition, for the reason that the grounds on which the defect was based exist at present. After noting the said defect no document has been presented in this registry invalidating or destroying said defect, which still exists because its juridical status has not been changed since it was noted. The judicial sale of a joint ownership in the property in question has not cured such defect, because it is inherently attached thereto and has its origin in the title containing the resolutory condition. Sales, conveyances and any other operations to which the said property has been subjected up to the present do not affect the cause or condition of said defect. Whether or not the resolutory condition has been performed is a matter to be shown by the parties interested in having said defect cured, but such a thing cannot be secured by the filing of a motion like the one which is the subject of this refusal, where no inclusion

is made of the party interested in 'said resolutory condition, Bertha María Pieraldi, . . . ''

After this decision by the registrar the document was withdrawn and a new application was presented with the same object, together with a certificate of the judgment rendered by the District Court of Ponce appointing Bertha M. Pieraldi judicial administratrix of the estate of her predecessor in interest, Felipe Pieraldi. The registrar denied a second time the curing of the said defect on the same grounds of his previous decision and furthermore because consent had been given.

The proceeding instituted by Totti against the judicial administratrix of the estate of Felipe Pieraldi was for the recovery of money due him by the latter and the adjudication of the condominium in the Mogotes property was in payment thereof. Therefore, Totti was a creditor of the estate of Pieraldi and his right to the adjudication of some property from the same to settle his credit could not be limited by the testamentary condition made by the testator in favor of his adopted daughter to whom he had left all his properties in usufruct and the full ownership thereof if she bore children. This is a well known principle. Paying comes before inheriting. The rights of creditors take precedence over those of the heirs. ''Even as against the legal heirs section 818 (equivalent to section 806 of the Revised Civil Code) provides that before settling the legal portion the amount of the debts shall be deducted from the hereditary estate.'' 7 Manresa, p. 759. In connection with legatees and in the same volume, p. 488, it is also said:

''This is a logical and natural consequence of the principle that nobody can freely dispose of his property if he has debts that swallow it up or if he thereby prejudices a third party. Creditors, if not paid, are prejudiced; legatees only fail to receive a benefit; the former gave the testator something that required its equivalent; the latter, on their part, did nothing or delivered nothing; their title is purely a lucrative one. It follows that considering the inter-

est of the creditors the amount of property distributed as legacies by the testator represents an asset of the estate, which asset may be disposed of for their benefit."

The defect complained of by the appellants, on the other hand, has no legal existence, and they could have demanded at any time to have it cured.

The registrar's decision of October 8, 1926, is reversed.